*In re* MARRIAGE OF IRENE SWIGERS, Petitioner-Appellant, and DAVID SWIGERS, Respondent-Appellee.

First District (5th Division)  No. 86—3174

Opinion filed November 14, 1988.

John A. Noble and Kenneth R. Welker, both of Noble & Welker, of Palatine, for appellant.

Jack A. Arfa, of Chicago, for appellee.

PRESIDING JUSTICE LORENZ delivered the opinion of the court:

Petitioner, Irene Swigers, appeals from a judgment of dissolution of marriage and contends the trial court abused its discretion when it divided the marital property and when it awarded her maintenance in the amount of $1,700 per month for six years.

We affirm.

The parties were married on December 30, 1961, and had two children, who are emancipated. Petitioner filed for dissolution of marriage and the trial was held in May of 1986.

Petitioner testified she was 52 years old, unemployed, and resided in the marital home in Palatine, Illinois. During most of the years she was married, petitioner was a homemaker and raised the parties' two children. She is a high school graduate, and when her children were in high school, she became a licensed real estate agent. While married, she worked as a receptionist for approximately one year and as a real estate agent for approximately three years. She earned a total of approximately $12,000 as a real estate agent. In 1978, she was first diagnosed as having cancer. It has reoccurred twice since that time and she has received radiation and chemotherapy as treatment. Due to fatigue from chemotherapy, she stopped practicing as a real estate agent. She was last treated for cancer in 1983, and at the time of trial, the cancer was in remission. In 1985, she was hospitalized three times due to bladder hemorrhage, which was apparently a side effect of three years of chemotherapy. One occurrence of bladder hemorrhage required surgery. To avoid future relapses, she is cautious when exerting herself. She testified she is incapable of working be-

cause she is physically exhausted; however, she is capable of performing housework but only at a slow pace.

Respondent, David Swigers, was 47 years old at the time of trial and resided in Los Angeles, California. He completed high school and one semester of junior college. He was employed as western zone manager for a manufacturing company, and at the time of trial, his gross income was $7,500 per month. Respondent's pay stub dated April 30, 1986, was admitted into evidence and he testified his net income was $3,835.94 per month. He also testified that the social security deduction of $530 per month would end in June because it would reach the maximum yearly deduction. Petitioner argued the average social security deduction was, therefore, only $232.50 per month. Apparently, the trial court agreed and found respondent's net income was $4,100 per month.

The marital property was divided as follows:

| Assets | PETITIONER | RESPONDENT |
|---|---|---|
| House | $57,900.00 | $38,600.00 |
| Retirement Plan (present value) | 2,500.00 | 2,500.00 |
| Savings Plan | 14,000.00 | 32,081.15 |
| Bank Accounts | 12,620.00 | 500.00 |
| Credit Union Account | | 425.00 |
| Insurance Policies (net cash value) | | 2,700.00 |
| Savings Bonds | 900.00 | 900.00 |
| Furniture | 4,000.00 | 4,000.00 |
| Cars (two) | 3,000.00 | |
| Accounts Receivable | | 800.00 |
| SUBTOTAL | $94,920.00 | $82,506.15 |
| Liabilities | | |
| House Repairs | 5,250.00 | |
| Debts to Parents | 8,400.00 | 3,000.00 |
| Credit Union Loan | | 3,869.00 |
| Children's Education Loans | | 3,545.00 |
| Charge Card | | 400.00 |
| TOTAL | $81,270.00 | $72,192.15 |

According to the parties' stipulation, the trial court found that all the property involved was marital property. The marital home had a stipulated value of $132,500, subject to a $36,000 lien, and a net value of $96,500. Petitioner was granted the right to live in the home until it is sold, no later than two months after her 55th birthday, and is entitled to the income tax deductions for the mortgage interest and real estate taxes. The parties will share the costs of the sale equally and

divide the net proceeds so that petitioner and respondent will receive 60% and 40%, respectively.

The court assigned a present value of $5,000 to respondent's company retirement plan and divided the present value equally between both parties for property division purposes. When the benefits of the plan will be distributed, petitioner will receive 50% of the benefits that accrued during the marriage while respondent was participating in the retirement plan. Respondent will receive the remaining portion.

Petitioner testified that the house required certain repairs prior to its sale and the court ordered her to pay for the repairs from her bank account. In his brief, respondent argues that the $5,250 for house repairs should not be assigned to petitioner as a liability because the court did not specifically classify it as a marital debt. The court ordered, however, that if she fails to produce receipts of at least that amount, she will only receive 50% of the net proceeds from the sale of the house.

In regard to maintenance, the trial court found that there was "no clear evidence" presented as to whether or not petitioner's cancer would reoccur and that she was unable to work at the present time. The court found it would be speculative to determine whether she will be able to care for herself in the future. The trial court found petitioner's income from interest was less than $400 per year. On the basis of these and other findings, the court awarded respondent to pay petitioner $1,700 per month as maintenance which is reviewable in six years.

Judgment for dissolution of marriage was entered on October 22, 1986, and petitioner filed a timely notice of appeal.

OPINION

Petitioner first contends the trial court abused its discretion when it divided the marital property in approximately equal shares because the parties stand in unequal positions in terms of health, income, and the opportunity for future acquisition of assets and income.

■ Section 503(d) of the Illinois Marriage and Dissolution of Marriage Act requires the trial court to divide marital property in just proportions without regard to marital misconduct. (Ill. Rev. Stat. 1985, ch. 40, par. 503(d).) The court must consider all relevant factors, which in the present case include: the contributions of each party in the acquisition of the marital property, including a spouse's contribution as a homemaker; the value of the property awarded to each spouse; the duration of the marriage; the economic circumstances of each spouse; the age, health, occupation, amount and sources of in-

come, employability, and needs of each of the parties; whether the apportionment is in lieu of or in addition to maintenance; the reasonable opportunity of each spouse for future acquisition of assets and income; and the tax consequences of the property division. Ill. Rev. Stat. 1985, ch. 40, par. 503(d).

■ The trial court's division of marital property will not be disturbed on appeal absent a showing of abuse of discretion. (*In re Marriage of Heller* (1987), 153 Ill. App. 3d 224, 505 N.E.2d 1294.) The standard used in determining whether the trial court has abused its discretion is whether no reasonable person would take the view adopted by the trial court. *In re Marriage of Brooks* (1985), 138 Ill. App. 3d 252, 486 N.E.2d 267.

■ In support of her argument that the property division was an abuse of discretion, petitioner relies on *In re Marriage of Clearman* (1981), 97 Ill. App. 3d 641, 423 N.E.2d 283, in which the appellate court affirmed a trial court's award of virtually all the marital property to the wife. The wife supported her husband while he attended college and, throughout the marriage, contributed substantially to the support of the family. Upon dissolution of the marriage, the wife was awarded custody of their two children. Prior to a final hearing on property division, the wife suffered serious health problems which resulted in, among other things, seriously impaired vision and an inability to drive a car, read a book, or competently handle many routine tasks. The appellate court affirmed the award of virtually all the marital property to the wife due to "the extreme change in the health and employment capabilities of [the wife] *** coupled with the uneven contribution of the parties to the acquisition of assets during the marriage." *In re Marriage of Clearman* (1981), 97 Ill. App. 3d 641, 646, 423 N.E.2d 283, 287.

The *Clearman* case can be distinguished from the present case on several important points. In the present case, the parties made relatively equal contributions to the acquisition of marital property: petitioner as the homemaker and respondent as the wage earner. Additionally, although petitioner has suffered serious health problems, the trial court found that "no clear evidence" was presented to indicate whether or not the cancer will reoccur. The court also found she was unable to work at the present time and that it would be speculative to determine whether or not she would be able to take care of herself in the future. Moreover, in the present case the children of the parties are emancipated. Accordingly, the *Clearman* opinion does not warrant this court to reverse and remand the property division issue.

■ As an additional argument that the property division was an

abuse of discretion, petitioner contends the trial court erred when it "heard proposals and arguments only on the division of property and then divided the property without reference to maintenance." She claims this is in violation of section 503(d)(9), which requires a court to consider whether the property division "is in lieu of or in addition to maintenance" prior to dividing the property. (Ill. Rev. Stat. 1985, ch. 40, par. 503(d)(9).) First, we note petitioner did not raise this objection at the trial court level. Nevertheless, our review of the record reveals that prior to its ruling on the division of marital property, the trial court was advised that in addition to the property division petitioner would seek maintenance. We find the trial court's procedure fully complied with the requirements of the statute.

Petitioner also appealed from the trial court's maintenance award of $1,700 per month, which is reviewable in six years. First, she argues that it was against the manifest weight of the evidence for the trial court to find that respondent's monthly net income was $4,100.

■ The findings of a trial court in a marriage dissolution proceeding will not be set aside on appeal unless they are clearly against the manifest weight of the evidence. *In re Marriage of Ryman* (1988), 172 Ill. App. 3d 599, 527 N.E.2d 18.

■ Petitioner relies on statements in respondent's financial affidavit, which was admitted into evidence. Petitioner argues that the deductions from gross income, as reflected in the affidavit, would result in a net income of $4,933.50. Petitioner, however, ignores respondent's testimony concerning his current pay stub, which was also admitted into evidence. Respondent testified his monthly net income as $3,835.94. The trial court apparently adjusted that figure to $4,100 to reflect that the social security deduction would end in June.

Petitioner also argues that the finding of respondent's net monthly income is against the manifest weight of the evidence because the trial court did not "value" respondent's fringe benefits, such as an annual bonus and a company car. Respondent testified that in 1986 he may receive a bonus but it would be less than $1,000 due to declining sales. Otherwise, no evidence was presented that respondent would receive a bonus. As to the remaining fringe benefits, petitioner did not present any evidence of the value that the trial court should assign them.

From our review of the record, the trial court's finding that respondent's monthly net income was $4,100 was based on the evidence presented at trial and, accordingly, we find it was not against the manifest weight of the evidence.

As to the amount of the maintenance award, petitioner contends

the trial court abused its discretion when it awarded her $1,700 per month. She testified her expenses are $2,371 per month, which will be raised to $2,553 when she must pay for medical insurance. She has no income other than $1,700 per month in maintenance and $400 per year in interest income. Respondent's monthly net income was $4,100 and monthly expenses were $4,433, which did not include the maintenance payment to petitioner.

■ The Marriage and Dissolution of Marriage Act allows the trial court to award maintenance in an amount it deems just after considering relevant factors, such as: the financial resources of the party seeking maintenance, including marital property apportioned to him; the standard of living established during the marriage; the duration of the marriage; the age and the physical and emotional condition of both parties; the ability of the other spouse to pay maintenance while meeting his needs; and the tax consequences of the property division. (Ill. Rev. Stat. 1985, ch. 40, par. 504(b).) The standard for determining whether the trial court abused its discretion in awarding maintenance is whether no reasonable person would take the view of the trial court. *In re Marriage of Heller* (1987), 153 Ill. App. 3d 224, 505 N.E.2d 1294.

■ Petitioner argues respondent's expenses, particularly for housing and clothing, are overstated but she did not present evidence to support that claim. In fact, respondent explained that housing costs in Los Angeles are approximately 50% higher than in Chicago and his clothing costs are expensive because he is "hard to fit." Accordingly, petitioner's claim that respondent's expenses are overstated is not supported by the evidence.

■ Petitioner also argues that when the trial court awarded maintenance, it should not have considered that respondent's monthly expenses would be higher for a few years while their youngest daughter finishes college. Petitioner argues respondent's payments for his child's education are voluntary and should not reduce the amount of maintenance awarded to her but did not cite any authority in support. Contrary to her argument, section 513 of the Marriage and Dissolution of Marriage Act allows a trial court to provide for the education expenses of a child who has reached majority age. (Ill. Rev. Stat. 1985, ch. 40, par. 513.) Although the trial court did not order respondent to pay for the child's education, we find it was not error for the court to consider this expense when it determined the amount of the maintenance award.

■ Additionally, in reviewing the maintenance award we must consider the marital property awarded to petitioner. She will receive

60% of the net proceeds from the sale of the marital home, which she can use to find appropriate housing. At the time of trial, petitioner's share of the equity was $57,900. She had $12,620 in bank accounts and was awarded $14,000 from respondent's savings plan, which will produce interest income. She was also awarded a share of respondent's retirement benefits, from which she will receive additional income. Although she was assigned liabilities in the amount of $13,650, we believe the trial court awarded petitioner a sufficient amount of property that will produce additional income.

Our review of the record reveals that the trial court did not abuse its discretion when it awarded petitioner $1,700 per month in maintenance.

Judgment affirmed.

PINCHAM and MURRAY, JJ., concur.